## Shadoan v. Langdon.

(Decided June 23, 1922.)

Appea from Puaski Circuit Court

1. Work and Labor—Services—Consideration.—A party who avers that he was employed to perform certain services and that he did so for a named consideration, must sustain the allegations of his petition by evidence.

2. Work and Labor—Compensation—Evidence.—In a case where there is a controversy between an employe and his employer as to compensation due, and neither of the parties has kept a reasonably accurate account of the days worked and the compensation paid, the master commissioner, to whom the case is referred for adjustment, may ascertain the number of days the plaintiff was actually engaged at the work from evidence showing the number of pages of record which he could reasonably make per day and the whole number of pages made by him during the period for which he sues, and by dividing said last number by the number of pages which he could reasonably make per day, this being the most reasonable and accurate way under the circumstances to find the actual days employed.

KENNEDY & HAYS for appellant.

E. T. WESLEY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This controversy is over mutual accounts between employer and employe. Appellee, Langdon, is and has been for many years past the clerk of the Pulaski county court, while appellant, Shadoan, a lawyer and minister of the Gospel, has held the office of state senator and county attorney. Shadoan began to work for Langdon as deputy clerk in the office in 1911, and continued at intervals until 1917. Some days he worked full time, other days only a few hours and yet other days he would not appear at the office at all. According to his evidence there was no contract fixing his compensation for the first four years except that it was to be reasonable. But he says that he was to receive the compensation allowed the clerk for making the fiscal and county courts' orders for the last four years, and this was $100.00 per year. He had worked for the preceding clerk at $1.25 per day, and it is the contention of appellee Langdon that he entered into a contract with Shadoan by which the latter was to continue to work in the clerk's office at the old rate of

$1.25 per day for the time actually employed. Neither of the parties kept account books showing the exact amount of time put in by Shadoan, or the sums paid by Langdon thereon. Shadoan attempted to keep his accounts in four almanacs where he merely marked opposite the date "½, ¾ or 1," according to the time he actually put in on that date, and he also kept a sheet of paper on which he says he kept his work in the clerk's office. All this is very indefinite, but not any more so than the testimony of appellee Langdon, who says he does not know the exact number of days which Shadoan worked for him. He produces a great number of checks which he gave to Shadoan in payment for services.

The matter was referred to the master commissioner of the court to hear evidence. Several witnesses were called, including both Shadoan and Langdon. Their evidence is quite contradictory, but other witnesses with knowledge of the employment gave evidence that no doubt greatly aided the commissioner and lower court in arriving at a proper conclusion. The commissioner found that Shadoan worked through the entire eight years under the original contract and that no new contract was made whereby he was to receive $100.00 per year for keeping up the county and fiscal court orders. The commissioner, after taking the evidence and considering the record, admitted he was unable to determine from the evidence with exactness the number of days Shadoan worked for Langdon, but he arrived at the number of days from the evidence of disinterested witnesses who stated that a person of ordinary ability in that particular line would enter orders, such as were made by Shadoan in the county and fiscal courts, covering not less than twelve nor more than eighteen pages per day; that 1,217 pages of record had been made by Shadoan which, at the rate of twelve pages per day, would amount to about 102 days' work, which at $1.25 per day would be about $126.25. The evidence also shows that Shadoan did some other work about the office amounting to several pages, but it is further shown that he did not do all of the work which he was employed to do in keeping certain records, and that he wanted to off-set the one against the other. The commissioner, however, in order to be generous to Shadoan, added one-third as many days as was calculated it would take Shadoan to make the number of pages of record which are contained in the books. In

this way Shadoan was given credit for 1,623 pages, or 135 days. In the meantime the clerk gave to Shadoan numerous checks and loaned him some money for which he took notes aggregating $491.34; from this the commissioner subtracted the amount of the checks which were marked "loans," leaving a balance of $420.56. He then doubled the compensation which Shadoan was to receive, according to Langdon; that is, he estimated his services at $2.50 per day instead of $1.25 per day, which made a total of $337.50, and when this latter amount was subtracted from the amount paid by the clerk to Shadoan, it left Shadoan indebted to Langdon in the sum of $33.06. The trial court overruled exceptions to the report of the commissioner and confirmed the report. We can find no reason for disturbing this judgment.

Judgment affirmed.